UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IRENE KREYN,

                Plaintiff,

                **OPINION AND ORDER**

  - v -

                CV-05-3175 (ERK)(VVP)

GATEWAY TARGET,

                Defendant.
-----------------------------------------------------------------x

The plaintiff has moved for sanctions against the defendant on grounds of spoliation of evidence.[1] Specifically, the plaintiff contends that the defendant has destroyed the mayonnaise package on which the plaintiff slipped and fell, and has failed to produce videotapes and records responsive to the plaintiff's discovery requests. As set forth below, the plaintiff has not established a basis for granting any relief for spoliation of evidence, and the motion is therefore denied.

## BACKGROUND

This action arises from a "slip and fall" suffered by the plaintiff at the defendant's retail premises in June 2003, allegedly caused by an errant mayonnaise package that had made its way to the floor of an aisle devoted to stationery products. Some two years later, in May 2005, the plaintiff commenced this action and in late July 2005, the plaintiff served a notice for discovery on the defendant. That notice requested, among other things, any photographs of the accident scene on the date of the accident, and all maintenance and inspection records from the date of the accident, together with rules and regulations concerning inspection and cleanup of spills and floors. In late September 2005, the defendant responded to the notice of discovery by producing photographs of the alleged scene of the accident and a copy of the Guest Incident Investigation File maintained by the defendant concerning the incident. The production did not include any videotapes. Nor did it include any records, rules or regulations regarding maintenance, inspection and cleanup.

---

[1] In the Notice of Motion, the relief requested is an order striking the defendant's answer and granting judgment to the plaintiff. In the affirmation in support, however, the plaintiff asserts that she "seeks an adverse inference instruction." Podolsky Aff. ¶ 29.

At an initial conference in the matter in October 2005, the court set March 31, 2006 as the deadline for the completion of discovery. At no time during the time set aside for discovery did the plaintiff pursue any efforts to obtain further discovery from the defendant, and indeed had frustrated the defendant's efforts to obtain discovery from her. Although the court therefore declined the plaintiff's request to extend the discovery deadline, the parties were permitted to complete the discovery they had timely commenced and to conduct depositions of each other in early June. At the deposition the plaintiff learned that the defendant had videotape cameras throughout the store, and that the defendant had some sort of rule book concerning procedures.[2] Apparently at the deposition, the plaintiff also learned that the defendant had discarded the mayonnaise package allegedly responsible for the plaintiff's accident. The plaintiff now seeks sanctions on the grounds of spoliation against the defendant for the failure to produce videotapes of the accident scene and the rule book, and for discarding the mayonnaise package.

## DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2nd Cir. 1999) (citing *Black's Law Dictionary* 1401 (6th ed.1990)). Where spoliation occurs, courts have broad discretion to impose sanctions to remedy the resulting harm. Although the available sanctions include dismissal, *see id.*, such a sanction is reserved for extreme cases, and an adverse jury instruction at trial is the more commonly imposed remedy. *See, e.g., Residential Funding Corp. v. Degeorge Financial Corp.*, 306 F.3d 99, 107-08 (2nd Cir. 2002)*; Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 268 (2nd Cir. 1999)*.* "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it

---

[2]The reply affirmation of the plaintiff's counsel on this motion is decidedly unclear about the defendant's witness' testimony concerning the contents of the rulebook, and fails to annex copies of the relevant pages of her deposition transcript. According to the affirmation, the witness acknowledged there was a rule book, and that the employees were provided with training materials concerning "the procedures." The affirmation fails to specify the procedures to which the witness was referring. Podolsky Reply Aff. ¶ 6.

would support that claim or defense." *Residential Funding Corp.*, 306 F.3d at 107 (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir.2001)).

The plaintiff's motion for spoliation based on the defendant's failure to produce videotapes and its rule book falls short because there is no evidence whatsoever that any destruction of such evidence has occurred. As to the videotapes, the defendant flatly asserts that the stationery aisle of the defendant's premises were not videotaped on the day of the accident. Connors Aff. ¶ 9. The testimony by one of the defendant's employees that there are videotape cameras throughout the store does not establish that there was a videotape camera at the stationery aisle and that it was operating at the time of the accident such that a videotape was ever made, much less destroyed.[3] As to the rule book, there is similarly no evidence that it has been destroyed. Indeed, it apparently still exists according to the testimony of the defendant's witness. Although an adverse inference instruction may be appropriate in circumstances where a party has failed to produce discovery in time for use at trial, *see Residential Funding Corp.*, 306 F.3d at 107, that is clearly not the case here since a trial date has not yet been set. Accordingly, as there is no evidence that the defendant has destroyed videotape evidence or its rule book, there is no basis for an adverse inference instruction as a sanction for spoliation of those items of evidence.[4]

The absent mayonnaise package presents a different situation. The defendant acknowledges that the package was destroyed, but asserts that the destruction furnishes no basis for a sanction. Upon review of the circumstances concerning destruction of the package under the three-step analysis set out in *Residential Funding Corp.*, 306 F.3d at 107, the court agrees.

---

[3]The court is puzzled why the plaintiff did not pursue the issue with the defendant's witness to determine whether any of the videotape cameras at the premises were in fact focused on the aisle in question and operating at the time of the accident.

[4]In view of the plaintiff's timely request for rules and regulations regarding maintenance and inspection, to which no written objection was apparently made, the defendant has a continuing obligation to produce such materials. *See* Fed. R. Civ. P. 26(e). As the defendant's witness acknowledged that a "rule book" with "procedures" exists, the defendant is directed to review the rule book and produce relevant portions responsive to the plaintiff's discovery request; if no such portions exist, the defendant must provide an affidavit by a person with knowledge attesting to that fact. Similarly, the defendant has a continuing obligation to produce other items requested by the plaintiff to which no objection was raised in written responses to the plaintiff's requests.

First, in assessing whether the defendant had an obligation to preserve the evidence at the time it was destroyed, the record provides no information about when the package was destroyed other than the defendant's statement that it "was discarded in the normal course of business." O'Connors Aff. ¶ 9. Whether that occurred before or after the litigation commenced, however, has not been established by the plaintiff, who has the burden of demonstrating the defendant's obligation to preserve the evidence at the time it was destroyed. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2nd Cir. 2001). Still, as the mayonnaise package was the alleged agent of the plaintiff's fall, even if the package was discarded before the litigation commenced it is at least arguable that the defendant should have known it might have evidentiary significance, particularly since the defendant cannot be considered unsophisticated about such matters. *See id.* (obligation to preserve evidence usually arises when party has notice the evidence is relevant to litigation, but may also arise when party should have known its relevance to future litigation).

Accepting that the mayonnaise package *might* have evidentiary significance, however, does not mean that the package has any significance to the claims and defenses in this case. Were this a case involving a claim that the plaintiff's injury was caused either by defective packaging or by defects in the contents of the package, the need to maintain the package and its contents would have been evident. Here, however, where the only claim is that the package broke and its contents caused the plaintiff to slip, the package itself would not appear to have any special evidentiary value, particularly since the photographs of it taken by the defendant at the scene of the accident shortly after it occurred would seem to be adequate to establish its existence and appearance.

In an effort to establish some special evidentiary significance in the package itself, the plaintiff argues that certain details about its appearance would assist in overcoming the defense that the defendant lacked notice of the hazard. Specifically, the plaintiff suggests that whether the package was broken at the top or in the middle and whether or not there was mayonnaise still inside the package would somehow help to establish how long the package had been on the floor.[5] The plaintiff does not articulate any correlation, however, between those details about the

---

[5] Neither party provided the court with the photographs of the mayonnaise package that the defendant took at the time of the incident, and the court is therefore unable to determine whether they provide adequate information about these details.

package's appearance and the length of time the package was on the floor, and the court has not discerned any. The plaintiff also argues that the package would support the plaintiff's testimony that the mayonnaise on the package and on the floor was discolored at the time of the accident. Although the extent of discoloration would perhaps be useful in showing the lapse of time between the point when the contents of the package were first exposed and the point when the plaintiff stepped on the package, the discoloration on the package now, some three years after the accident, would provide no evidence of the extent of the discoloration at the time of the accident. On this point, the photographs of the package and the accident scene taken at the time of the accident are far more useful than the package itself.

The court thus concludes that the plaintiff has not established that the package had any special evidentiary significance of which the defendant should have known, and thus has not demonstrated the defendant had an obligation to preserve it at the time it was discarded. Indeed, its claimed evidentiary significance now, more than three years after the accident, appears to be an afterthought, as there is no evidence in the record that the plaintiff at any time sought to examine the package in the three and a half years since the accident.

The absence of any demonstrated significance in the package affects the second and third steps of the *Residential Funding* analysis as well. Without any showing the defendant knew or should have known of the package's significance, the defendant can hardly be accused of a culpable state of mind in discarding it. Finally, since the plaintiff has not established any connection between the package and any disputed evidentiary issue, she has not established its relevance to any claim or defense in the case. The plaintiff is therefore not entitled to an adverse inference charge or any other sanction because the defendant discarded the mayonnaise package.

## CONCLUSION

For the foregoing reasons the plaintiff's motion for sanctions on the grounds of spoliation of evidence is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
        December 16, 2006