UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IRENE KREYN,

                Plaintiff,

                **ORDER**

  - v -

                CV-05-3175 (ERK)(VVP)

GATEWAY TARGET,

                Defendant.
------------------------------------------------------------------x

      The defendant has sought a ruling from the court concerning the compensation it must pay for the appearance of the plaintiff's medical expert, Dr. Jerry Lubliner, at a deposition the defendant wishes to conduct. Dr. Lubliner submitted an invoice for $3,500 to the defendant's counsel to be paid in advance of his appearance, an amount the defendant contends is excessive and unreasonable. The defendant suggests that a fee between $250 and $400 per hour would be appropriate. The plaintiff suggests, in opposition, that a fee of $1,500 per hour is reasonable, and that the expert should be compensated not only for his time during the deposition, but for time spent in preparation and in transit to and from the deposition, as well as for any out-of-pocket expenses.

      There is no dispute that the defendant is required to pay Dr. Lubliner "a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C). A flat fee for an expert's appearance, however, is generally unreasonable. *See, e.g., Feliciano v. County of Suffolk*, 246 F.R.D. 134, 135 (E.D.N.Y. 2007); *Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003). Rather, "[c]ourts expect 'some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.'" *Mannarino v. United States*, 218 F.R.D. at 375 (*quoting Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I.1985)). Thus, experts are typically compensated on an hourly basis for the hours actually expended in connection with a deposition. *See, e.g., Feliciano*, 246 F.R.D. at 137; *Mannarino*, 218 F.R.D. at 376; To determine reasonableness the courts in this circuit have looked to a variety of factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in

> balancing the interests implicated by Rule 26 . . .; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y. 1997) (citations omitted); *see also Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996); *Goldwater v. Postmaster Gen'l of the United States*, 136 F.R.D. 337, 340 (D. Conn.1991). Time spent in preparation and travel are also ordinarily compensable, as are any out-of-pocket expenditures. *See, e.g., Magee v. Paul Revere*, 172 F.R.D. at 646; *Feliciano v. County of Suffolk*, 246 F.R.D. at 137.

The plaintiff has provided precious little information to justify the $1,500 per hour fee she contends is reasonable for her expert. *Cf. Feliciano v. County of Suffolk*, 246 F.R.D. at 137 (burden of showing reasonableness falls on party whose expert's fee is in question); *accord, e.g., Carafino v. Forester*, No. 03 Civ. 6258PKLDF, 2005 WL 1020892, at *2 (S.D.N.Y. April 29, 2005). Although she submits three retainer agreements Dr. Lubliner has recently entered into with the Port Authority of New York and New Jersey, each of the agreements charges flat fees for specified services, and they therefore are of little assistance in ascertaining a reasonable fee. The only other information about Dr. Lubliner's background is found in the curriculum vitae submitted by the defendant's counsel, which establishes that he has practiced in the field of orthopedic surgery since 1985 when he completed his residency, and that he is board certified in the fields of orthopedic surgery and arthroscopy. The court has no information, however, on which to base a determination about his hourly rates, or the hourly rates of physicians with comparable expertise.

The court therefore is guided in part by decisions in other cases dealing with fees for physicians appearing for depositions as experts. Various courts in this circuit have set fees ranging from $250 to $350 per hour. *See, e.g., Carafino v. Forester*, 2005 WL 1020892, at *1-2 ($350 per hour for psychiatrist); *Mathis v. NYNEX*, 165 F.R.D. 23, 26 (E.D.N.Y. 1996) ($250 per hour for board certified psychiatrist). Courts in other jurisdictions have set fees in roughly the same range. *See generally Mathis*, 165 F.R.D. at 26 (surveying cases awarding between $250 and $400 per hour). Neither party has referred the court to any case assessing fees for an orthopedist. The court is also guided by the relatively straightforward nature of the testimony Dr. Lubliner will offer, which, based on his two-page report, will focus simply on the arthroscopic surgery he performed on the plaintiff's shoulder to repair a torn rotator cuff. In

view of these considerations, the court concludes that the defendant should be required to pay $400 per hour for the time spent by Dr. Lubliner in his deposition, for reasonable travel time, and for up to two hours of preparation time.  In addition, the defendant shall reimburse the doctor's reasonable travel expenses.  The defendant shall forward two hours of such fees in advance, and pay the balance upon submission of an invoice after the deposition concludes.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 31, 2008